THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TERRY DEWAYNE TABOR et al., <br><br> Plaintiffs, <br><br> v. <br><br> BECKHAM COUNTY DETENTION CENTER et al., <br><br> Defendants. | **MEMORANDUM DECISION AND TRANSFER ORDER** <br><br> Case No. 2:25-CV-539-DAK <br><br> District Judge Dale A. Kimball |

On July 8, 2025, Plaintiff filed this *pro se* prisoner civil-rights action, 42 U.S.C.S. § 1983 (2025), from Oklahoma State Reformatory in Granite, Oklahoma. (ECF No. 1.) He sues Beckham County Detention Center and Sheriff's Office, Elk City Regional Hospital, Elk City Police Department, and Red Rock Behavioral Center (in Elk City, Oklahoma). (*Id.*)

Having now screened the Complaint, (*id.*), under its statutory review function, 28 U.S.C.S. § 1915A (2025),[1] the Court determines Plaintiff has not named a valid defendant in Utah, nor has Plaintiff alleged that "a substantial part of the events or omissions giving rise to [a

---

[1] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

valid] claim occurred" in Utah. *See* 28 U.S.C.S. § 1391(b) (2025) (federal venue statute). Indeed, when filing this Complaint, Plaintiff appears to have been incarcerated in Oklahoma; and the "substantial part of the events or omissions giving rise to [a potentially valid] claim" apparently occurred, if at all, in Oklahoma. *Id.*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C.S. § 1404(a) (2025).

**IT IS ORDERED** as follows:

**(1)** This action is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

**(2)** This Court's Order granting Plaintiff's motion to proceed *in forma pauperis* is **VACATED**, allowing the Western District of Oklahoma to rule on the motion as it sees fit. (ECF Nos. 2-3.)

DATED this 31st day of July 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge